# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re: <br>     Glenda Lavon Conner, <br><br> *Debtor*. | Case No: 22-70451 <br> Chapter: 13 |
| Glenda Lavon Conner, <br><br> *Plaintiff*, <br><br> v. <br><br> Select Portfolio Servicing, Inc. and Grand Avenue Mortgage Loan Trust 2017-RPL1, <br><br> *Defendants*. | AP No: 22-_____ |

## COMPLAINT

**COMES NOW** Plaintiff, Glenda Lavon Conner, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendants, Select Portfolio Servicing, Inc. and Grand Avenue Mortgage Loan Trust 2017-RPL1, and alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this *Complaint* because of Defendants' intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, for an injunction requiring that Defendants undertake the actions necessary to vacate that certain post-petition foreclosure deed, which occurred in the absence of relief from the automatic stay. Specifically, regarding such violations, Defendants have foreclosed that certain mortgage and demanded that

1

Plaintiff vacate her residence despite having been provided with one or more notices of the underlying bankruptcy case.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

3. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

4. Plaintiff, Glenda Lavon Conner, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Northern District of Alabama, and is a debtor in the underlying bankruptcy case.

5. Defendant, Select Portfolio Servicing, Inc. ("SPS"), is a Foreign Corporation, has a principal place of business at 3815 South West Temple, Salt Lake City, Utah 84115-4412, and is a creditor and/or the agent thereof in the underlying bankruptcy case. SPS is the servicing agent for Grand Avenue Mortgage Loan Trust 2017-RPL1.

6. Defendant, Grand Avenue Mortgage Loan Trust 2017-RPL1 ("Grand Avenue"), is a Statutory Trust, was organized in the State of Delaware, and is a creditor and/or the agent thereof in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

7. On May 5, 2022, Plaintiff filed a *Voluntary Petition* and accompanying schedules (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same

being filed in the United States Bankruptcy Court for the Northern District of Alabama and bearing bankruptcy case number 22-70451 ("Bankruptcy Case").

8. Within *Schedule D* of the Petition, Plaintiff identified SPS as the holder of a claim in the amount of $39,222.41 purportedly secured to the extent of the value of a "House and Lot at 2622 20th Street, Tuscaloosa, AL 35401".[1]

9. Within the *Chapter 13 Plan*, Plaintiff provided for cure and debt service payments to SPS.

10. The Bankruptcy Noticing Center's ("BNC") *Certificates of Notice* for the *Notice of Chapter 13 Bankruptcy Case* and the *Chapter 13 Plan* reflect that these documents were provided to SPS by electronic means and first-class mail on May 5 and May 7, 2022, respectively.

11. On May 5, 2022 (the date of filing) at or near 11:33 a.m., c.s.t, Plaintiff's bankruptcy counsel emailed and faxed a letter to SPS which advised of the bankruptcy case and all information relevant thereto, advised that any foreclosure will violate the automatic stay, and included a copy of the *Notice of Bankruptcy Filing*. Plaintiff and/or her bankruptcy counsel undertook these additional measures to ensure that Defendants had adequate and timely notice of the Bankruptcy Case and to avoid a post-petition foreclosure.

12. Notwithstanding the aforesaid notices, Defendants have engaged and continue to engage in collection activities that are enjoined and prohibited by the automatic stay.

13. On June 24, 2022, Defendants, by and through their legal representative, foreclosed the mortgage on the subject property.[2]

---

[1] Sylvester Horton, Plaintiff's father, deceased prior to the filing of the bankruptcy case. The real property is recorded within the name of Mr. Horton. Plaintiff and one or more of her family members reside on the subject real property.
[2] The Foreclosure Deed is dated July 1, 2022.

3

14. Further, on July 14, 2022, Defendants, by and through a different legal representative, served a Notice to Vacate upon Plaintiff.[3]

15. Defendants have been provided adequate and timely notice, from the Bankruptcy Noticing Center and Plaintiff's bankruptcy counsel, and accordingly, Defendants' acts constitute willful violations of the automatic stay.

16. Plaintiff is reasonably concerned that, in the absence of intervention by this Honorable Court, Plaintiff and her family will be displaced from and divested of their home.

17. Defendants' violations of the automatic stay are and were intentional and willful in that Defendants committed such acts after notice of the Bankruptcy Case; because of Defendants' intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

18. Defendants' conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

19. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of sleep and loss of the protections of the Bankruptcy Code and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(3) – (6)

20. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

---

[3] The notice confirms that the foreclosure sale occurred on June 24, 2022.

21.     Defendants violated and continue to violate 11 U.S.C. §§ 362(a)(3) – (6) as more so identified herein above.[4]

22.     Defendants' acts or omissions to act, as described herein above, which Defendants undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

23.     As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of sleep and loss of the protections of the Bankruptcy Code and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

   a.     declaring that Defendants willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

---

[4] **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
   …
   **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
   **(4)** any act to create, perfect, or enforce any lien against property of the estate;
   **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
   **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
   …

*See* 11 U.S.C. § 362(a).

b. awarding to Plaintiff and against Defendants, jointly and severally, actual, compensatory and punitive damages for Defendants' violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. ordering that Defendants immediately undertake the actions necessary to vacate the referenced foreclosure deed;

d. awarding to Plaintiff and against Defendants, jointly and severally, the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

e. awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the August 04, 2022.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL TO BROCK AND STOUT, LLC:**
Anthony B. Bush, Special Counsel
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile: (334) 832-4390
E-mail: anthonybbush@yahoo.com
abush@bushlegalfirm.com

SERVICE ADDRESSEs:

Select Portfolio Servicing, Inc.
c/o Northwest Registered Agent Service, Inc.
212 West Troy Street, Suite B
Dothan, Alabama 36303

Grand Avenue Mortgage Loan Trust 2017-RPL1
c/o Wilmington Savings Fund Society, FSB
500 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801